E-FILED
4/29/2025 4:18 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV464700
Reviewed By: Y. Chavez

Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
**ADAMSON AHDOOT LLP**
1122 S. La Cienega Blvd.
Los Angeles, California 90035
T: 310.888.0024
F: 888.895.4665
E: alan@aa.law
E: christopher@aa.law

Attorneys for Plaintiff
ALIAH AZZAM ATIYEH ABDO

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

### UNLIMITED JURISDICTION

| | |
|---|---|
| ALIAH AZZAM ATIYEH ABDO, an individual,<br><br>　　　Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC; COMFIER US CORPORATION; and DOES 1-100, inclusive,<br><br>　　　Defendants. | Case No.: 25CV464700<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **NEGLIGENCE – FAILURE TO WARN**<br>2. **NEGLIGENT PRODUCTS LIABILTY**<br>3. **STRICT PRODUCTS LIABILITY**<br>4. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>**PLAINTIFF'S REQUEST TRIAL BY JURY**<br><br>**DEMAND IS ABOVE $25,000.00** |

COMES NOW Plaintiff ALIAH AZZAM ATIYEH ABDO (hereinafter referred to as "PLAINTIFF"), in this Complaint for causes of action against Defendants AMAZON.COM SERVICES LLC; COMFIER US CORPORATION; and DOES 1-100, Inclusive, and each of them, (collectively referred to as "DEFENDANTS"), complains and allege as follows:

**GENERAL ALLEGATIONS**

1.     The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOES 1 -100, inclusive, are unknown to PLAINTIFFS at this time, who therefore sues said DEFENDANTS by such fictitious names; and when the true names and capacities of said DEFENDANTS are ascertained, PLAINTIFF ALIAH AZZAM ATIYEH ABDO will amend this complaint accordingly.

2.     PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as a DOE was negligent and/or was in the chain of distribution (including but not limited to the manufacturers, distributors, wholesalers, and retailers) of the defective product and/or was directly in the chain of marketing of the defective product and/or is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the defective product described herein or otherwise, proximately caused the severe injuries to PLAINTIFF, either through said DEFENDANTS' own conduct or through the conduct of their agents, servants, or employees, or due to their ownership, rental, use, sale, repair, maintenance, designing, manufacturing, marketing or leasing of the instrumentality or property causing the injury, or in some other manner.

3.     At all times relevant and mentioned herein, PLAINTIFF was, and is, a resident of San Jose, California.

4.     At all times relevant and mentioned herein, DEFENDANT AMAZON.COM SERVICES LLC ("AMAZON.COM") was, and is, doing business in the County of Santa Clara, State of California,

5.     At all times relevant and mentioned herein, DEFENDANT COMFIER US

CORPORATION ("DEFENDANT COMFIER"), a Delaware corporation, was, and is doing business in the County of Santa Clara.

6.      At all times mentioned herein, DEFENDANTS AMAZON, COMFIER, and DOES 1-100 (collectively hereinafter "DEFENDANTS") were, and are, doing business in the State of California.

7.      PLAINTIFF is informed, believes, and thereon alleges that at all times relevant and mentioned herein, DEFENDANTS, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every DEFENDANT, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other DEFENDANT as an agent, employee and/or joint venturer. Furthermore, that each said DEFENDANT, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-Defendants, as alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named DEFENDANTS, and each of them, engaged in the same or similar conduct as the named DEFENDANT, thereby proximately causing PLAINTIFF'S injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants, or employees, or due to their ownership, rental, use, repair, or maintenance of the product.

8.      PLAINTIFF'S injuries occurred in the City of San Jose, California ("SUBJECT LOCATION"), which falls within the judicial district of the Santa Clara Superior Court. Therefore, this Court is the proper court to bring this action pursuant to California Code of Civil Procedure sections 395 and 396.

9.      PLAINTIFF is informed, believes, and thereon alleges at all times herein mentioned, AMAZON owned, maintained, controlled, possessed, managed, and/or otherwise operated the online store/marketplace named Amazon.com.

10.      PLAINTIFF brings this action because of the injuries and damages sustained in

connection with a back injury that occurred on or about May 13, 2023, when a Comfier Shiatsu Neck Back Massager with heat and compression purchased through AMAZON.COM injured PLAINTIFF'S back during use.

11.    The Comfier Shiatsu Neck Back Massager with heat and compression was purchased from DEFENDANT COMFIER, through its Comfier marketplace on Amazon.com.

12.    DEFENDANTS, and each of them, promoted, marketed, distributed, sold, or otherwise placed into the stream of commerce the SUBJECT MASSAGER that was gifted to PLAINTIFF. AMAZON DEFENDANTS received direct benefits from the sale of the SUBJECT MASSAGER, including but not limited to the commission of the sale.

13.    On or about May 13, 2023, when PLAINTIFF was using the SUBJECT MASSAGER, the SUBJECT MASSAGER injured her spine. PLAINTIFF sustained severe and debilitating injuries as a result of the defective SUBJECT MASSAGER.

14.    DEFENDANTS, and each of them, are directly and vicariously liable for PLAINTIFF'S injuries and damages for marketing, supplying, distributing, and selling the SUBJECT MASSAGER.

15.    As a result of the SUBJECT INCIDENT, PLAINTIFF suffered severe, traumatic, and debilitating injuries that necessitated significant medical care.

## FIRST CAUSE OF ACTION

## NEGLIGENCE – FAILING TO WARN

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-100.)

16.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

17.    DEFENDANTS, and each of them, promoted, distributed, repaired and/or sold the SUBJECT MASSAGER, expecting it would reach consumers in the condition in which it was manufactured and sold, and knowing, or with reason to know, it would be used without inspection for defects of any danger to PLAINTIFF.

18.    The SUBJECT MASSAGER did in fact reach PLAINTIFF without substantial

change in the condition in which DEFENDANTS, and each of them, first sold it.

19. At the time of the incident, PLAINTIFF was using the SUBJECT MASSAGER as it was intended to be used and in a reasonably foreseeable manner.

20. The SUBJECT MASSAGER was defective in its design and or manufacture because it did not perform as safely as an ordinary consumer would have expected it to perform. The SUBJECT MASSAGER was unable to prevent back injuries while being used as intended and in a reasonably foreseeable manner.

21. DEFENDANTS, and each of them, are also liable to PLAINTIFF because they failed to provide adequate warnings regarding the condition of the SUBJECT MASSAGER, causing it to be unreasonably dangerous to the intended user at the time it left DEFENDANTS' possession. Neither the SUBJECT MASSAGER nor any accompanying materials contained any warnings that were sufficiently adequate to have warned PLAINTIFF of the substantial danger that is the SUBJECT MASSAGER itself when used in its intended manner.

22. The SUBJECT MASSAGER was provided in a dangerous condition, making it unreasonably dangerous, defective, and unsafe for its intended use.

23. DEFENDANTS, and each of them, are held to the level of knowledge of an expert in the field and knew or should have known the SUBJECT MASSAGER was dangerous, defective, and unsafe for its intended use.

24. Despite DEFENDANTS' knowledge of the dangers associated with the use of the SUBJECT MASSAGER, DEFENDANTS, and each of them, promoted, distributed, and/or sold the product without adequate information and data.

25. DEFENDANTS, and each of them, knew or should have known consumers, including PLAINTIFF, would foreseeably suffer severe injuries as a result of their failures.

26. DEFENDANTS, and each of them, failed to provide any warnings of a possible defect or dangerous condition.

27. As a direct result of the defective SUBJECT MASSAGER and the conduct of DEFENDANTS, PLAINTIFF sustained damages in an amount that will be stated according to

proof, pursuant to California *Code of Civil Procedure* section 425.10.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

28.    PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

29.    DEFENDANTS, and each of them, negligently, and recklessly, distributed, repaired, maintained, sold, inspected, warranted, designed, manufactured, failed to warn, and/or advertised the SUBJECT MASSAGER, such that it was dangerous and unsafe for its intended use and/or reasonably foreseeable use.

30.    DEFENDANTS, and each of them, owed a duty to PLAINTIFF and the general public to exercise reasonable care in sale of the SUBJECT MASSAGER, to ensure it was safe for its reasonably foreseeable use.

31.    DEFENDANTS, and each of them, failed to exercise the reasonable amount of care in the repair and sale of the SUBJECT MASSAGER, that a reasonably careful manufacturer, designer, or sell would have used in same of similar circumstances to avoid exposing others to a foreseeable risk of harm.

32.    As a proximate result of said negligent conduct, PLAINTIFF suffered irreparable injuries as previously alleged. The negligence of DEFENDANTS, and each of them, was a substantial factor in causing the death of PLAINTIFF, as previously alleged.

## THIRD CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

33.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

34.    At all times mentioned herein, DEFENDANTS, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, repairing, distributing, selling,

inspecting, warranting, marketing, and/or advertising the SUBJECT MASSAGER.

35.    At all times mentioned herein, DEFENDANTS, and each of them, manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and/or sold the SUBJECT MASSAGER and each of its component parts with defects in either their design, manufacturing and/or failure to warn, which made SUBJECT MASSAGER dangerous, hazardous and unsafe for its intended use.

36.    PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT MASSAGER included design and/or manufacturing defects that resulted in PLAINTIFF'S injuries, and that the SUBJECT MASSAGER contained this defect when it was introduced into the stream of commerce.

37.    PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS, and each of them, failed to properly warn of the dangers in the reasonable and intended use of the SUBJECT MASSAGER.

38.    As a direct result of the defective SUBJECT MASSAGER and conduct of the DEFENDANTS, and each of them, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

39.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

40.    PLAINTIFF is informed, believes, and thereon alleges that PLAINTIFF purchased the SUBJECT MASSAGER from DEFENDANTS, and each of them.

41.    PLAINTIFF is informed, believes, and thereon alleges that at the time of purchase, DEFENDANTS, and each of them, were in the business of selling steam saunas, by their occupation held them out as having special knowledge or skill regarding these goods.

42.    PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT

MASSAGER was not of the same quality as those generally acceptable in the trade, was not fit for the ordinary purposes for which the SUBJECT MASSAGER was used.

43.    PLAINTIFF sustained irreparable injuries as a result of the defective SUBJECT MASSAGER.

44.    PLAINTIFF is informed, believes, thereon alleges the failure of the SUBJECT MASSAGER to have the expected quality was a substantial factor in causing the injuries of PLAINTIFF.

## **PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFF hereby prays for judgment against DEFENDANTS, and each of them, as follows:

1.    For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.    For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.    For prejudgment interest, according to proof;

4.    For cost of suit incurred herein, including attorney's fees, according to proof;

5.    For damages for PLAINTIFF'S other losses, according to proof;

6.    For such other and further relief as the Court may deem just and proper.

Dated: April 29, 2025                          ADAMSON AHDOOT  LLP


                              By:    _____
                                     Christopher B. Adamson, Esq.
                                     Attorneys for Plaintiff
                                     ALIAH AZZAM ATIYEH ABDO

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## **DEMAND FOR TRIAL BY JURY**

PLAINTIFF hereby demands a trial by jury as to all causes of action.

Dated: April 29, 2025                                ADAMSON AHDOOT  LLP


By:      _____
                                                          Christopher B. Adamson, Esq.
                                                          Attorneys for Plaintiff
                                                          ALIAH AZZAM ATIYEH ABDO